### CHARLES WILLIAMS v. COMMONWEALTH.

**Criminal Law—Circumstantial Evidence.**
   Where in a trial for burglary circumstantial evidence alone is relied upon by the prosecution, it is not enough to show that the accused stated when arrested that the goods charged to be stolen could be found at a designated place, his knowledge concerning the location of the goods forms but one link in the chain, and before the accused could be convicted it was necessary to connect this fact with the house alleged to have been broken, and that, too, at the time when the breaking occurred.

**Felony.**
   The term felony used in the definition of the crime of burglary embraces any crime which was a felony at common law, whether it is now punished as a felony or not, and it was not error for the court to charge the jury that breaking into a dwelling in the night time with intent to steal any property of another therefrom was burglary.

### APPEAL FROM FAYETTE CIRCUIT COURT.

March 1, 1879.

Opinion by Judge Cofer:

The principal ground for evidence of confessions made to an officer, or other person having the prisoner in custody, is that he may have been influenced by hope or fear to untruly inculpate himself. When the statement made by the prisoner indicates his knowledge of a fact in some way connected with the crime charged against him, and it turns out upon investigation that the fact exists as he stated it, and his knowledge of the fact conduces to prove his guilt, we see no reason for rejecting so much of his statement as is thus verified.

The appellant, while in Cincinnati, stated where the jewelry alleged to have been stolen from the prosecutor's house could be found in a stone wall in Lexington, and on search being made at the place the jewelry was found. His statement was thus verified, and there was no longer any reason for excluding it, because there was no longer any reasonable ground to apprehend that he might have been influenced by hope or fear to make a false accusation against himself. His knowledge of the place where the jewelry was concealed was evidence conducing in some degree to prove his guilt.

But the answer of the prosecuting witness to the question asked by appellant respecting the set in the ear-ring was not responsive to his question, and was incompetent in itself, and we incline to think it should have been excluded. This, however, in view of other evidence tending to show such knowledge of the jewelry on the part of the appellant as would have authorized the jury to find that he had had it in his possession, would not, perhaps, have been sufficient ground upon which to reverse the judgment.

But the court erred in not giving the peremptory instruction asked by appellant's counsel. If it be conceded, though even that is doubtful, that there was some evidence conducing to prove that Reid's house was broken into in the night time, there was no evidence whatever to connect the appellant with the crime. That the jury might have inferred from his knowledge of the place where the jewelry was concealed that he concealed it there, and thus have traced the possession of it to him, was not enough.

The jewelry is, as it were, a link in the middle of the chain, and after connecting the appellant with it, it was necessary to connect it with the house alleged to have been broken and that, too, at the time when the breaking occurred. This was not done.

True, Reid stated that the jewelry found at the place where appel-

lant said it was concealed, was stolen from his house, but his cross-examination showed that he did not know or pretend to know that such was the fact. He does not even say that it was in his house when he left home, much less that it was there on the night of the burglary and was missing on the next morning. He says his family was at home when he arrived on the morning of the 14th of July, and it would have been easy to make the necessary proofs if the fact existed.

As the evidence on another trial may be sufficient to warrant the submission of the case to the jury, it is proper we should pass on the objections taken in the ruling of the court in giving and refusing instructions. The substance of appellant's third instruction is embraced in his second which was given, and in the instruction given by the court of its own motion.

The court's instruction is not obnoxious to the objection argued by counsel. The term "felony" used in the definition of the crime of burglary embraces any crime which was a felony at common law, whether it is now punished as a felony or not. The division of larceny into two classes, one of which is punished as a felony and the other as a misdemeanor, is statutory. At the common law all larcenies were felonies, and there was no error in telling the jury that breaking into a dwelling in the night time "with intent to steal any property of another therefrom" was burglary. Nor was there error in indicating larceny as the ulterior crime.

There was no evidence of any intent to commit any other crime, and the instruction was proper. Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*J. Soule Smith, for appellant. Moss, for appellee.*